Order Filed on April 7, 2021
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY (NEWARK) | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) **Robertson, Anschutz, Schneid, Crane & Partners, PLLC** 130 Clinton Road, Suite 202 Fairfield, NJ 07004 Telephone Number: 973-575-0707 Attorneys For Secured Creditor | |
| In Re: **Pedro A. Viera,**    Debtor. | Case No.: 18-24470-SLM Chapter: 13 Judge: Stacey L. Meisel |

## CONSENT ORDER REGARDING TREATMENT OF POST-PETITION ARREARS PURSUANT TO FORBEARANCE AGREEMENT

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

DATED: April 7, 2021

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

THIS MATTER having come before the Court on the Debtor's Request to Forbear Mortgage Payments, by and through his counsel, James DiMaggio, and Wilmington Trust, National Association, not in its individual capacity but solely as successor trustee to Citibank, N.A. as Trustee to Lehman XS Trust Mortgage ("Secured Creditor") the Secured Creditor on the Debtor's real property located at 272-274 Kearney Street, Paterson, New Jersey 07522 (the "Property"), and Robertson, Anschutz, Schneid, Crane & Partners, PLLC, representing the Secured Creditor, and the parties agreeing to the entry of the Order resolving repayment of forborne mortgage payments, and for good cause shown; it is ORDERED AND DECREED as follows:

1. Secured Creditor filed its Proof of Claim on September 7, 2018 as Claim 5-1. Pursuant to the Proof of Claim, the pre-petition arrears owed Secured Creditor are $48,854.64.

2. On or about September 22, 2020, Secured Creditor filed its Notice of Request for Mortgage Forbearance Due to the Covid-19 Pandemic (*See* Docket No. 88). Pursuant to the Notice of Request for Mortgage Forbearance, the parties agreed to forbear post-petition obligations that would come due for one-hundred eighty-one (181) days from September 1, 2020 through and including February 28, 2021.

3. As of **February 1, 2021**, Debtor is due for the following post-petition arrears:

    - June 1, 2020 through and including the July 1, 2020 payment in the amount of $1,878.05 per month;
    - August 1, 2020 through and including the February 1, 2021 payment in the amount of $1,940.44 per month;
        - Less $888.12 in suspense
        - Total delinquency in the amount of $16,451.06

4. The Debtor has applied for and is currently in the process of being accepted into the Court's Loss Mitigation Program. Secured Creditor will not demand the remaining post-petition arrears pending the Debtor's Application for a Loan Modification. However, if a Loan Modification is not achieved within ninety (90) days of termination of the Forbearance Agreement, or as otherwise extended by Court Order, the Debtor shall have fourteen (14) days to file a Modified Plan to either cure the arrears or surrender the Subject Property. If a Loan Modification is denied prior to the aforementioned ninety (90) day period, the Debtor shall have fourteen (14) days from the date in which a Denial Letter is issued to file a Modified Plan to either cure the arrears or surrender the Subject Property.

5. The amount of $16,451.06 shall be capitalized into the Debtor's Chapter 13 Plan. Debtor must file a Modified Plan within fifteen (15) days of the entry of this Order. The Debtor's monthly payment to the Chapter 13 Trustee will be modified to an amount necessary to appropriately fund the Plan in accordance with this Order in the event a Loan Modification is denied.

6. Debtor shall commence ongoing post-petition payments in the amount of $1,940.44 directly to Secured Creditor commencing on March 1, 2021. This amount is subject to change based on escrow and/or interest rate adjustments.

7. Secured Creditor shall retain its first mortgage lien on the Property and none of its rights are being modified.

8. The parties agree that this Consent Order in no way alters, amends, or invalidates any applicable bankruptcy remedies afforded to them.

9. Facsimile signatures shall be valid as original signatures and this Consent Order may be executed in counterparts.

10. This order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form and entry of the foregoing order.

| | |
|---|---|
| _____ | /s/ Shauna M. Deluca |
| James DiMaggio, Esq. | Shauna M. Deluca Esq. |
| *Attorney for Debtor* | *Attorney for Secured Creditor* |
| Date:  2/1/2021 | Date:  January 28, 2021 |