**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security          **0** Assumption of Executory Contract or Unexpired Lease          **0** Lien Avoidance

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:      **Pedro A. Viera**

Case No..:                    **18-24470-SLM**

Judge:                      **Stacey L. Meisel**

Debtor

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required          Date:          **October 26, 2021**
☐ Motions Included          ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

---

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Initial Debtor(s)' Attorney   __WL__      Initial Debtor:   __PAV__      Initial Co-Debtor   _____

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay _1,114.39  Monthly*_  to the Chapter 13 Trustee, starting on  __August 1, 2018__  for approximately __84__ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion:          _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:          _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:

  Proposed date for completion:          _____

d.  ☐   The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐   Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection     **X NONE**

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Marie-Ann Greenberg** | **Administrative** | **10,502.32** |
| **Warren Levy 032181989** | **Attorney Fees** | **2,900.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:
- ☑ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

2

| | | | |
|---|---|---|---|
| pursuant to 11 U.S.C.1322(a)(4): | | | |
| Creditor | Type of Priority | Claim Amount | Amount to be Paid |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Mr. Cooper** | **272-274 Kearney Street Paterson, NJ 07522 Passaic County** | **Pre-Petition: $48,854.64 Post-Petition 5/9/19 Order: $7,512.20 Post-Petition COVID: $11,642.64** | **0.00** | **$68,009.48** | **1,940.44** |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Toyota Financial Services** | **2012 Toyota Highlander 91220 miles Location: 272 Kearney Street, Paterson NJ 07522** | **580.81** | **0.00** | **580.81** | **0.00** |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Toyota Financial Services** | **2011 Toyota Tundra** | **0.00** | **12,275.69** |

**f.  Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Toyota Financial Services**

**g.  Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |
| | | |
| | | |

**Part 5:  Unsecured Claims**    ☐ **NONE**

a.  **Not separately classified**  allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☑    Not less than __100__ percent

☐    *Pro Rata* distribution from any remaining funds

b.  **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 6:  Executory Contracts and Unexpired Leases**    ☒ **NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

4

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

**Part 7: Motions   X NONE**

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    **a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

    **b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE**

    The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE**

    The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

**Part 8: Other Plan Provisions**

    a. **Vesting of Property of the Estate**
      ☑ Upon Confirmation
      ☐ Upon Discharge

    **b. Payment Notices**
    Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

    The Standing Trustee shall pay allowed claims in the following order:

5

| | |
|---|---|
| 1) | Ch. 13 Standing Trustee Commissions |
| 2) | **Other Administrative Claims** |
| 3) | **Secured Claims** |
| 4) | **Lease Arrearages** |
| 5) | **Priority Claims** |
| 6) | **General Unsecured Claims** |

**d. Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:  Modification** ☐ **NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:**September 20, 2021**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **To increase the length of the Plan due to Covid; adding post-petition arrears caused by the Covid Mortgage Forbearance.**<br>**Adding Forbearance arrears due to denial of loan modification** | **Adding Forbearance arrears due to denial of loan modification** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

---

**Part 10 :  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $1,114.39 per month for 40 months, then $1,373.81 per month for 44 months**

**Debtor will surrender the 2011 Toyota Tundra (POC no. 4) and deficiency balance to paid in full as unsecured.**

**The monthly payments for the 2015 Toyota Tacoma (POC no.6) are to be outside of the Plan.**

**The arrears for the 2012 Toyota Highlander (POC no. 1) are to be paid through the Plan.  The contractual monthly payments have been fufilled.**

**The Trustee is authorized to pay post-petition arrears in the amount of $7,512.20 to Mr. Cooper per the May 9, 2019 Order.**

**The Trustee is authorized to additional pay post-petition arrears due to the Covid forbearance in the amount of $11,642.64 to Mr. Cooper.**

Any non-standard provisions placed elsewhere in this plan are ineffective.

---

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

6

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:  10/26/21 _____          /s/ Pedro A. Viera _____
                                             **Pedro A. Viera**
                                             Debtor

Date:  _____                   _____
                                             Joint Debtor

Date   10/26/21 _____          /s/ Warren Levy _____
                                             **Warren Levy 032181989**
                                             Attorney for the Debtor

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

United States Bankruptcy Court

District of New Jersey

In re:                                                                                                    Case No. 18-24470-SLM

Pedro A. Viera                                                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                                              Page 1 of 3

Date Rcvd: Oct 27, 2021                       Form ID: pdf901                                          Total Noticed: 19

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Pedro A. Viera, 272 Kearney Street, Paterson, NJ 07522-1922 |
| cr | + | Nationstar Mortgage LLC as servicing agent for Wil, Stern Lavinthal & Frankenberg LLC, 105 Eisenhower Parkway, Suite 302, Roseland, NJ 07068-1640 |
| cr | + | Nationstar Mortgage LLC d/b/a Mr. Cooper as servic, Stern, Lavinthal & Frankenberg, LLC, 105 Eisenhower Parkway, Suite 302, Roseland, NJ 07068-1640 |
| cr | + | WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS I, RAS CITRON, LLC, 130 Clinton Road, Suite 202, Fairfield, NJ 07004-2927 |
| 517653751 | + | Mr. Cooper, 8950 Cypress Waters Blvd, Coppell, TX 75019-4620 |
| 517653752 | + | RAS Citron Law Offices, 130 Clinton Road, Suite 202, Fairfield, NJ 07004-2927 |
| 517653754 | ++ | TOYOTA MOTOR CREDIT CORPORATION, PO BOX 8026, CEDAR RAPIDS IA 52408-8026 address filed with court:, Toyota Financial Services, Attn: Bankruptcy, PO Box 8026, Cedar Rapids, IA 52409 |
| 518473094 | | Toyota Motor Credit Corporation, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 517689819 | + | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |
| 517693756 | | Wells Fargo Bank, N.A., PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |
| 517653755 | + | Wells Fargo/Bob's Discount Furniture, Po Box 10438, Mac F8235-02f, Des Moines, IA 50306-0438 |
| 517744803 | + | Wilmington Trust, National Association, PO Box 619096, Dallas TX 75261-9096 |

TOTAL: 12

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Oct 27 2021 20:35:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Oct 27 2021 20:34:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 517653750 | + | Email/PDF: creditonebknotifications@resurgent.com | Oct 27 2021 20:36:38 | Credit One Bank, Attn: Bankruptcy, PO Box 98873, Las Vegas, NV 89193-8873 |
| 517726393 | | Email/PDF: resurgentbknotifications@resurgent.com | Oct 27 2021 20:36:39 | LVNV Funding, LLC its successors and assigns as, assignee of MHC Receivables, LLC and, FNBM, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 517653753 | + | Email/PDF: gecsedi@recoverycorp.com | Oct 27 2021 20:36:45 | Synchrony Bank, Attn: Bankruptcy Dept, PO Box 965060, Orlando, FL 32896-5060 |
| 517655413 | + | Email/PDF: gecsedi@recoverycorp.com | Oct 27 2021 20:36:45 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 517757421 | + | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Oct 27 2021 20:36:39 | Verizon, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |

TOTAL: 7

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 517740100 | *+ | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |
| 517756783 | *+ | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 29, 2021           Signature:       /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 26, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor Toyota Motor Credit Corporation dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Jeanette F. Frankenberg | on behalf of Creditor Nationstar Mortgage LLC as servicing agent for Wilmington Trust  National Association, not in its individual capacity but solely as successor trustee to Citibank, N.A. as Trustee to Lehman XS Trust Mo cmecf@sternlav.com |
| Jeanette F. Frankenberg | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper as servicing agent for Wilmington Trust  National Association, not in its individual capacity but solely as successor trustee to Citibank, N.A. as Trustee to L cmecf@sternlav.com |
| Kevin Gordon McDonald | on behalf of Creditor Toyota Motor Credit Corporation kmcdonald@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Kevin M. Buttery | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-17 kbuttery@moodklaw.com |
| Laura M. Egerman | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-17 bkyecf@rasflaw.com  bkyecf@rasflaw.com;legerman@rasnj.com |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Rebecca Ann Solarz | on behalf of Creditor Toyota Motor Credit Corporation rsolarz@kmllawgroup.com |
| Shauna M Deluca | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-17 sdeluca@raslg.com |
| Shauna M Deluca | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper as servicing agent for Wilmington Trust  National Association, not in its individual capacity but solely as successor trustee to Citibank, N.A. as Trustee to L sdeluca@raslg.com |
| Sindi Mncina | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT |

District/off: 0312-2                         User: admin                                    Page 3 of 3
Date Rcvd: Oct 27, 2021                      Form ID: pdf901                          Total Noticed: 19

SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-17 smncina@raslg.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

Warren D. Levy

on behalf of Debtor Pedro A. Viera atruss@keaveneylegalgroup.com
jdimaggio@keaveneylegalgroup.com;r46514@notify.bestcase.com;3295273420@filings.docketbird.com;casedriverecf@casedriver.com

TOTAL: 13