| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>Authorized Agent for Secured Creditor<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone: 973-575-0707<br>Facsimile: 973-404-888<br><br>Aleisha C. Jennings (049302015) | Order Filed on March 14, 2024<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>**Pedro A. Viera,**<br><br>    **Debtor.** | Case No.:   18-24470-SLM<br><br>Chapter:      13<br><br>Hearing Date:  February 14, 2024<br><br>Judge:        Stacey L. Meisel |

**ORDER RESOLVING SECURED CREDITOR'S CERTIFICATION OF DEFAULT**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby ORDERED.

**DATED: March 14, 2024**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2

THIS MATTER having come before the Court on the Creditor's Certification of Default of WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006- 17 ("Secured Creditor") by and through its counsel, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as to the real property commonly known as 272-274 Kearney Street Paterson, New Jersey 07522 (the "Subject Property"), and Christopher G. Cassie, Esquire representing Pedro A. Viera ("Debtor(s)"), and for good cause it is ORDERED that Secured Creditor's Certification of Default is resolved, subject to the following conditions:

1. Status of post-petition arrearages:

   ■ The Debtor has brought current the post-petition payment default subsequent to the Creditor's Certification of Default being filed on December 29, 2023.

2. Debtor must cure all post-petition arrearages, as follows:

   ■ Beginning on <u>February 1, 2024</u>, regular monthly mortgage payments shall be timely remitted to Creditor pursuant to periodic adjustments and any Notice of Payment Change(s) filed on the docket.

3. Payments to the Secured Creditor shall be made to the following address(es):

   ■ Regular monthly payment: <u>Nationstar Mortgage LLC</u>
   <u>ATTN: Bankruptcy Dept</u>
   <u>PO Box 619094</u>
   <u>Dallas, TX 75261-9741</u>

4. In the event of Default:

   ■ Should the Debtor(s) fail to make any of the above captioned payments, or if any regular monthly mortgage payment should become more than thirty (30) days late or if Debtor(s) fails to comply with any terms of this Order, counsel shall file a Certification of Default with the Court. A copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

■ In the event the Debtor(s) convert(s) to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, Chapter 7 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

■ This order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

■ In the event Debtor's case is Dismissed at any time during these proceedings, the Automatic Stay shall not exist provided no further Order of the Court is entered Reinstating the Stay. Any Consent Order or Agreed Order entered by the Court is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated by Dismissal with respect to the Property, this Consent Order/Agreed Order ceases to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

■ In the event Debtor's case is Discharged, the Automatic Stay expires by Operation of Law and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

5. Award of Attorneys' Fees:

■ The Applicant is awarded attorney fees of $200.00.

The fees and costs are payable:

■ Through the Chapter 13 plan.

6. Secured Creditor shall retain its first mortgage lien on the Property and none of its rights are being modified